### LOUISVILLE & NASHVILLE RY. v. MAGNUS CO.

CONSIGNEE LIABLE FOR BALANCE OF FREIGHT CHARGES BILLED AT LESS THAN FIXED RATE BY MISTAKE.

> A railway company, through a mistake of its shipping clerk, having collected less from a consignor than the fixed rate on a shipment of goods delivered to the consignee, an action will lie against the consignee for the balance. due, notwithstanding there was an agreement between the consignee and the consignor that the consignor was to pay the freight charges.

ERROR to common pleas court.

An action was brought in the court below for balance of freight charges due upon a bill of goods shipped to defendants from Alabama to Cincinnati. Part of the freight had been prepaid, according to contract, but owing to an error made by a freight clerk at the place of shipment, the freight charge was $20.15 less than the regular tariff rates. Defendants accepted the goods, knowing of and refusing to pay the additional

charges. In the court below judgment was rendered for defendants.

*Kinkead & Rogers,* for plaintiff in error.

*Max B. May,* for defendant in error.

**SWING, J.**

By force of the United States laws the rates of freight between points in the state of Alabama and Cincinnati are fixed and are not the subject of contract. The railroad company can neither charge more nor accept less than the fixed rate. In the present case the railroad company by mistake accepted less than the fixed rate from the shipper. It supposed it was receiving from the shipper the exact amount of the fixed rate and did not attempt to contract to carry the goods for less than the fixed rate. The railroad company had a lien on the goods for the balance of this freight charge, and the law made it the duty of the company to collect it. Not to do so would in effect amount to a rebate which would violate the statute. The mistake was discovered by the company before it delivered the goods and the Magnus Company were notified that the amount of the error was charged against the goods. The Magnus Company, under an agreement with the railway company, were allowed to receive all freight consigned to them and pay the charges at stated periods, the Magnus Company being on what is known as the credit list. On the facts we think the Magnus Company is liable for the balance due on the freight the same as if no freight had been paid.

Judgment reversed and judgment for plaintiff in error.

**Giffen** and **Smith, JJ.,** concur